UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES O'SHEA,<br><br>   Plaintiff,<br><br> v.<br><br>J. ROSETE, et al.,<br><br>   Defendants. | Case No. 23-cv-03327-TLT<br><br>**ORDER DENYING *IN FORMA PAUPERIS* STATUS; DISMISSING CASE**<br><br>Re: Dkt. No. 5 |

Plaintiff, a prisoner at the Maguire Correctional Facility in San Mateo County proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis* (IFP). ECF 5. For the reasons set forth below, plaintiff's motion for leave to proceed IFP is DENIED under 28 U.S.C. § 1915(g). Because plaintiff fails to state a claim upon which relief can be granted, plaintiff's complaint will be dismissed.

**DISCUSSION**

**A. Three Strikes**

 **1. Legal Standard**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent

danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

A district court may, at the screening stage, deny a plaintiff IFP status *sua sponte*. *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). The court should "clearly identif[y] three prior dismissals" in order to "place[] [the plaintiff] on notice of the three cases that constituted strikes." *Id*. But no additional process or opportunity to be heard is required. *Id*.

## 2. Plaintiff's Strikes

Plaintiff is a frequent litigant. Plaintiff has filed more than twenty-five cases in the Northern District of California:

1. *O'Shea v. Bolanos*, 21-cv-06008-RS;
2. *O'Shea v. San Mateo County Jail Medical Unit*, 23-cv-00015-TLT;
3. *O'Shea v. Martinez*, 23-cv-00047-TLT;
4. *O'Shea v. Unknown*, 23-cv-00848-TLT;
5. *O'Shea v. Unknown*, 23-cv-01023-TLT;
6. *O'Shea v. Miram*, 23-cv-01536-TLT;
7. *O'Shea v. Madha*, 23-cv-04022-TLT;
8. *O'Shea v. Alcantara*, 23-cv-03456-TLT;
9. *O'Shea v. Wagstaffe*, 19-cv-04563-RS;
10. *O'Shea v. San Mateo County Sheriff et al.*, 21-cv-08239-RS;

11. *O'Shea v. McDonald*; 21-cv-10046-RS;

12. *O'Shea v. Albanese, et al.*, 21-cv-10047-RS;

13. *O'Shea v. Garrett et al.*, 23-cv-01901-TLT;

14. *O'Shea v. San Mateo County*, 23-cv-01940-TLT;

15. *O'Shea v. Serrato et al.*, 23-cv-02262-TLT;

16. *O'Shea v. Unknown Fish & Game Agent*, 23-cv-03371-TLT;

17. *O'Shea v. Wagstaffe*, 22-cv-03250-TLT;

18. *O'Shea v. (former)Pacifica Police Officer Grant*, 22-cv-08985-TLT;

19. *O'Shea v. Cooper*, 22-cv-08986-TLT;

20. *O'Shea v. Chau*, 23-cv-01535-TLT;

21. *O'Shea v. Tung*, 23-cv-04209-TLT;

22. *O'Shea v. Taniguchi*, 23-cv-02616-TLT;

23. *O'Shea v. Higgens*, 23-cv-03697-TLT;

24. *O'Shea v. Eagle*, 23-cv-04049-TLT;

25. *O'Shea v. Mansker*, 23-cv-04208-TLT

26. *O'Shea v. Lee*, 23-cv-00690-TLT

27. *O'Shea v. Nimau et al.*, 23-cv-02590-TLT.

Plaintiff has had at least three cases dismissed that count as "strikes." *See*, *e.g.*, *O'Shea v. Martinez,* No. 23-cv-00047-TLT at ECF 15 (N.D. Cal. Aug. 8, 2023) (dismissing untimely filed civil rights complaint); *O'Shea v. Bolanos*, No. 21-16886 at ECF 22 (9th Cir. Jan. 21, 2022) (dismissing appeal as frivolous); *O'Shea v. San Mateo County Sheriff*, No. 21-cv-08239-RS at ECF 19, 21 (N.D. Cal. Mar. 29 and May 18, 2022) (plaintiff did not amend after dismissal with leave to amend of complaint that failed to state a claim).[1]

Because plaintiff has had at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1141-43 (9th Cir. 2017) (dismissal with leave to amend order "rang the PLRA bells," and the plaintiff's decision not to amend merely delayed the acquisition of the strike).

3

that he is in imminent danger of serious physical injury at the time he filed the complaint.

### 3. Imminent Danger

Plaintiff's complaint does not allege imminent danger. He alleges that defendant Officer Rosete was involved in the use of excessive force against him in May 2017 and in April 2018. ECF 4 at 3, 5. Plaintiff's complaint does not meet the imminent danger exception to the three-strikes IFP filing bar.

### B. Preliminary Screening

#### 1. Legal Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3 the alleged deprivation was committed by a person acting under the color of state law. *West v.*
4 *Atkins*, 487 U.S. 42, 48 (1988).

**2.    Analysis**

The basis of plaintiff's complaint is events that took place in 2017 and 2018, more than five years ago.  Section 1983 does not contain its own limitations period.  The appropriate period is that of the forum state's statute of limitations for personal injury torts.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  In the event the state has multiple statutes of limitations for different torts, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.  *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999).  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva*, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues.  *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action.  *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  Plaintiff's claim therefore accrued in May 2017 or April 2018, when the excessive force was used against him.

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations for up to two years when a person is "imprisoned on a criminal

charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). If plaintiff was so imprisoned for two years after the April 2018 incident, the statute of limitations would have run in April 2022. Plaintiff filed this case in August 2023. The claim is therefore untimely and will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his motion to proceed IFP, (ECF No. 5), is DENIED pursuant to § 1915(g).

Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk shall terminate all pending motions, enter judgment for the defendant, and close the file.

**IT IS SO ORDERED.**

Dated: October 26, 2023

TRINA L. THOMPSON
United States District Judge